# TUCKER, etc. v FORD MOTOR CREDIT COMPANY, etc., et al.

Case No. 87-69 CA 10

Nineteenth Judicial Circuit, Indian River County

April 29, 1987

## APPEARANCES OF COUNSEL

**John Rooney** for defendants.

**L. B. Vocelle, Jr., Moss, Henderson & Lloyd, P.A.,** for plaintiffs.

## OPINION OF THE COURT

CHARLES E. SMITH, Circuit Judge.

THIS CAUSE came on to be heard on the plaintiff's Motion to Strike paragraph 3 of the Affirmative Defenses regarding the non use of a seat belt. This case involved a wrongful death action as a result of an automobile accident.

Plaintiff argues that the seat belt defense does not apply to bar recovery under the Florida Wrongful Death Act. Apparently, there are no Florida appellate decisions concerning this, but there is a U.S. District court decision applying Florida law that upholds plaintiff's

contention. *England v. US*, 632 Fed.Supp. 1340 (Middle District, Fla. 1986) held that the seat belt defense under Florida law does not bar recovery by a survivor. The reasoning of this case was based on the purpose of the Florida Wrongful Death Act, to prevent a tortfeasor from avoiding liability for his misconduct when such misconduct results in death. It is this court's opinion that it was the legislature's intent to prevent the common law application of a person's right to sue for injuries terminating with the death. In other words, it was the legislature's intent to essentially give the same rights and defenses available to the Personal Representative and survivors that existed as if a person had not died. However, it was not the legislature's intent to give the Personal Representative and survivors greater rights than if a person survived. Therefore, the said seat belt defense for mitigation of damages as stated in *Insurance Company of North America v. Pasakarnis*, 451 So.2d 447 (Fla. 1984) should be extended to wrongful death claims.

This accident occurred on August 2, 1986, after the effective date of the Florida Safety Belt Law, which became effective July 1, 1986. Florida Statute 316.614(10) provides that a violation of this law does not constitute negligence per say nor can such violation be used as prima facie evidence in such civil action. Therefore, the Safety Belt Law did not effect *Pasakarnis* decision for mitigation of damages. The legislature should have been aware of the *Pasakarnis* decision as it was returned on April 12, 1984 and if they wished to change the *Pasakarnis* decision as to mitigation of damages, they could have done so under the Florida Safety Belt Law or they could have amended the Florida Wrongful Death Act.

It is therefore order the the plaintiff's Motion to Strike Paragraph 3 of the Affirmative Defenses is DENIED.

DONE AND ORDERED at Vero Beach, Indian River County, Florida this 29th day of April, 1987.